**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**


**United States of America,**

               *Plaintiff*,

**v.**
                                              **Case No. 3:09-cr-146**
                                              **Judge Thomas M. Rose**

**Ronald Garrett,**

               *Defendant*.

---

**ENTRY AND ORDER DENYING MOTION FOR RECONSIDERATION.** (DOC. 86).

---

Pending before the Court is Defendant's Motion for Reconsideration. Doc. 60. Therein, Defendant requests that the Court reconsider the sentence imposed on him December 14, 2010. Defendant was sentenced to 150 months' confinement on a charge of conspiracy to distribute crack cocaine. On December 5, 2011, and again on January 6, 2012, Defendant filed motions requesting that he be resentenced in light of the amendments to the crack cocaine guidelines. Docs. 80, 81. The Court denied these motions, explaining that, because his sentence had been calculated based upon the career offender guidelines, the amendment to the crack cocaine guidelines would not have affected this sentence. Doc. 85.

Now Defendant has filed a motion requesting that the Court reconsider its order, citing to a decision from the Middle District of Florida, *United States v. Vazquez*, 796 F. Supp. 2d 1370 (M.D. Fla. 2011), that declared that *Kimbrough v. United States*, 552 U.S. 85 (2007) had implicitly

overruled the Eleventh Circuit decision of *United States v. Williams*, 456 F. 3d 1358 (11th Cir. 2006). *Williams* had held that district courts could not categorically reject the Career Offender guidelines.

The rule announced in *Williams*, however, was not the law of this circuit when Defendant was sentenced. While a Sixth Circuit panel did at one point adopt the holding of *Williams*, that decision was vacated for rehearing *en banc*, and the appeal was dismissed before any rule was announced. See *United States v. Herrera-Zuniga*, 571 F.3d 568, 584 n.9 (6th Cir. 2009) (explaining *United States v. Funk*, 534 F.3d 522, 530 (6th Cir. 2008)).

At the time when Defendant was sentenced, The Sixth Circuit had made clear in *Herrera-Zuniga* that a district court's authority to reject on policy grounds an otherwise-applicable aspect of the Sentencing Guidelines is not limited to the crack cocaine context. *Id.* Moreover, the Court was aware of its authority to reject on policy grounds the career offender guideline at the time Defendant was sentenced, and has not yet chosen to do so. While the Sixth Circuit has recently expressly stated that district courts have discretion to retroactively apply the sentencing guidelines to individuals in cases involving crack cocaine where the guideline range was determined by the career offender guideline, but where the actual sentence was a below-guideline term, *United States v. Jackson*, 678 F3d 442 (2012), the Court does not find Defendant's sentence "too harsh," but entirely in line with the demands of 18 U.S.C. § 3553(a).

Therefore, the decision in *United States v. Vazquez*, 796 F. Supp. 2d 1370 (M.D. Fla. 2011), does not change the law that governed Defendant's sentencing, the Court does not choose to exercise its discretion to resentence Defendant and Defendant's motion is **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, September 14, 2012.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE